IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERTO VASQUEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-811-CJP[1] |
| | ) |
| JAMES N. CROSS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

Petitioner Alberto Vasquez, an inmate in the Federal Bureau of Prisons ("BOP") incarcerated at FCI-Greenville, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the BOP's alleged failure to properly address his request for a transfer to the Sierra Tucson Residential Re-entry Center ("Sierra Tucson RRC"). Vasquez seeks an order from the Court directing Warden Cross to transfer him to the Sierra Tucson RRC. For the reasons set forth below, the petition is denied.

## BACKGROUND

Alberto Vasquez is serving a federal prison sentence of 120 months for conspiracy to distribute methamphetamine (Doc. 7-2). His projected release date

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c) (Doc. 13).

is October 30, 2017 (Doc. 7-2). On March 8, 2013, Vasquez spoke with his case manager and requested a transfer to the Sierra Tucson RRC,[2] "so he can continue the road of rehabilitation so he can transition back into the community one day" (Doc. 1-1, p. 2; Doc. 1-2). At the time of his request, Vasquez had approximately three and a half years remaining on his sentence. According to Vasquez, his transfer request was summarily dismissed based on his projected release date (Doc. 1-1).

After exhausting his administrative remedies, Vasquez filed the instant § 2241 petition. In the petition, Vasquez argues that the BOP misapplied 18 U.S.C. § 3624(c), which governs pre-release placement in an RRC for the final 12 months of a prisoner's sentence, to exclude his placement in such a facility at any time prior to those final 12 months. Vasquez insists that he was not seeking pre-release placement in an RRC under § 3624(c), but was instead seeking a routine transfer under the provisions of § 3621(b). He asserts that under § 3621(b), all transfer requests must be assessed on an individualized basis using the five factors set forth in that statute, and the BOP's failure to do so violated the statutory requirement and his due process rights (Doc. 1).

**DISCUSSION**

Section 2241 allows a prisoner to seek release if his continued custody violates the Constitution or federal laws. *Collins v. Holinka,* 510 F.3d 666, 667

---

[2] RRCs were previously known as Community Corrections Centers ("CCCs"), and are also commonly referred to as halfway houses. The Court uses the designation "RRC" throughout this order.

(7th Cir. 2007) (per curiam). The first problem with Vasquez's habeas petition is that he does not claim that his custody is unlawful (*See* Doc. 1, Doc. 1-1). Instead, he claims that the BOP's actions were unlawful because it did not correctly use the criteria set forth in 18 U.S.C. § 3621(b) to evaluate his transfer request to an RRC. However, "a prisoner seeking relief under § 2241 must demonstrate that the custody is unlawful, and not just that an administrative official made a mistake in the implementation of a statute or regulation." *Bush v. Pitzer*, 133 F.3d 455, 456–57 (7th Cir. 1997).

The second problem with Vasquez's habeas petition is that he has not established a right to release. Under 18 U.S.C. § 3621(b), the BOP has sole authority and broad discretion to transfer an inmate at any time to any correctional facility. 18 U.S.C. § 3621(b) ("The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another."). Therefore, the Court has no authority to decide whether Vasquez should be transferred to an RRC or to order the BOP make such a transfer. The only thing the Court could possibly do in this situation is order the BOP to reconsider Vasquez's transfer request. However, even if the Court mandated reconsideration of Vasquez's request, the BOP could, in its discretion, decline to transfer him to the Sierra Tucson RRC. As such, Vasquez's claim does not necessarily spell speedier release, and thus does not lie at "the core of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Id.* at 86–87 (Scalia, J., concurring) ("[T]he validly sentenced prisoner who shows only that the State made a procedural error in denying discretionary parole

has *not* established a right to release, and so cannot obtain habeas relief.")

Because Vasquez's custody is not unlawful and he cannot obtain habeas relief, Vasquez's claim is futile and must be dismissed on the merits. *See Lopez v. Rios*, 2014 WL 554547, at *1 (7th Cir. Feb. 13, 2014).

## CONCLUSION

Petitioner Alberto Vasquez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This cause of action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   May 27, 2014

s/ **Clifford J. Proud**
CLIFFORD J. PROUD
United States Magistrate Judge
